UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHARIOT ULLAH,** | **CIVIL ACTION NO.: 25:12804** |
| Plaintiff, | |
| v. | |
| **HELEN LaFAVE,** Chargé d'Affaires, U.S. Embassy in Dhaka, Bangladesh**,** | AGENCY CASE NO.: DHK2015733034 |
| and | |
| **MARCO RUBIO,** Secretary of the U.S. Department of State, | |
| Defendants. | |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**INTRODUCTION**

1. Plaintiff Shariot Ullah brings this action to compel the U.S. Department of State to complete adjudication of the immigrant visa application of his adult son, Nur Ullah, which has been unreasonably delayed following an interview and apparent approval at the U.S. Embassy in Dhaka, Bangladesh.

2. Nur Ullah attended his immigrant visa interview on January 8, 2025. At the close of the interview he was told the case was approved pending routine post-interview steps, yet the visa was not issued.

3. Since that date, the application has been placed in "administrative processing" under INA § 221(g) and remains unresolved despite repeated inquiries and a congressional inquiry on September 24, 2025 confirming ongoing administrative processing without a timeline for completion.

4. Defendants' failure to take final action violates the Administrative Procedure Act's command to act within a reasonable time, the Immigration and Nationality Act and its implementing regulations requiring issuance or refusal of visas, and State Department policy that family-based immigrant visas be processed expeditiously once visa numbers are available and the case is complete.

5. Plaintiff is an elderly U.S. citizen with significant health conditions who requires care and daily assistance that his adult son is ready and able to provide. The delay has caused severe and continuing harm through prolonged separation, emotional distress, and practical and financial hardship.

## PARTIES

6. Plaintiff Shariot Ullah is a United States citizen who resides in Lynn, Massachusetts. He is the father of visa applicant Nur Ullah and the petitioner of a Form I-130 filed on behalf of his son.

7. Defendant Helen LaFave is the Chargé d'Affaires of the United States Embassy in Dhaka, Bangladesh. She is responsible for consular operations at Embassy Dhaka. She is sued in her official capacity only.

8. Defendant Marco Rubio is the Secretary of the U.S. Department of State. He is responsible for administration of the State Department, including consular visa adjudications worldwide. He is sued in his official capacity only.

## JURISDICTION AND VENUE

9. This action arises under the Constitution and laws of the United States, including the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 701–706; and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

10. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (Mandamus Act). The Court may grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and 5 U.S.C. § 702.

11. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and no real property is involved.

12. This suit challenges Defendants' failure to act on a nondiscretionary duty to adjudicate a visa application. It does not seek review of a discretionary decision or the basis of a final consular adjudication.

## STATEMENT OF FACTS

13. Plaintiff filed a Form I-130 Petition for Alien Relative on behalf of his adult son, Nur Ullah, on April 6, 2015 (USCIS Receipt No. WAC1590258029). USCIS approved the petition and forwarded the case for consular processing to the Department of State on or about July 27, 2015.

14. The Department assigned consular case number DHK2015733034 for Nur Ullah's immigrant visa processing. Nur submitted a DS-260 Immigrant Visa and Alien Registration application on June 4, 2020. When a visa number became available in Nur's immigrant visa category, Defendants scheduled an immigrant visa interview before a consular officer in Dhaka, Bangladesh.

15. On January 8, 2025, Nur Ullah appeared for his immigrant visa interview at the U.S. Embassy in Dhaka, Bangladesh. He truthfully answered all questions and provided all requested information.

16. Following the interview, Nur was initially informed that the visa application was approved. However, the consular section subsequently retained the case for additional checks and did not issue the visa. The case was marked for INA § 221(g) administrative processing.

17. On September 24, 2025, the Embassy confirmed in correspondence to Senator Edward J. Markey that the case remained in administrative processing and provided no timeframe for resolution (Exhibit 1).

18. Plaintiff and his family have made repeated status inquiries but have received only form communications that the case is undergoing administrative processing.

19. Plaintiff is elderly and faces significant medical issues. He urgently needs his adult son's regular presence to assist with activities of daily living, medical appointments, and household management. The delay perpetuates separation and exacerbates Plaintiff's health and emotional hardship, including severe depression. Plaintiff also suffers from several medical conditions, including type 2 diabetes mellitus with gastroparesis, late-onset Alzheimer's dementia without behavioral disturbances, bilateral shoulder arthritis, hypertrophic cardiomyopathy, and anemia.

20. Defendants have identified no additional documentation required from Plaintiff's son, and there is no stated timeline for completing administrative processing.

21. Plaintiff and his son are facing personal hardship due to the delay. Plaintiff is unable to work due to his age, and his wife—who is over 75 years old—cannot provide monetary support.

Plaintiff relies on modest Social Security benefits and frequent assistance from his daughter. Plaintiff is concerned about his health and well-being as he ages, as his son's absence has left him emotionally and physically vulnerable. Plaintiff and his son are separated by an 11-hour time difference, creating communication barriers compounded by poor internet connectivity.

22. Plaintiff and his son are facing financial hardship due to the delay. Plaintiff's benefits are insufficient to cover living expenses, requiring assistance from his daughter whose family is financially strained. Despite his own limited means, Plaintiff has sent money to his son in Bangladesh. Further travel to visit his son would be very expensive and difficult due to Plaintiff's health. The presence of Plaintiff's son in the United States would provide essential support and stabilize the household.

23. Defendants have provided no facially legitimate and bona fide reason for continued withholding of a final adjudication or any explanation for a delay far exceeding the Department's own stated timeframes for family-based immigrant visas.

## STATUTORY AND REGULATORY FRAMEWORK

24. Family reunification has long been a key principle of U.S. immigration policy and is embodied in the Immigration and Nationality Act (INA). The INA of 1952, as amended by the 1965 amendments and the Immigration Act of 1990, prioritizes admitting close family members of U.S. citizens and lawful permanent residents to preserve family unity.

25. The INA establishes both non-numerically limited and numerically limited family categories. "Immediate relatives"—spouses, unmarried children under 21, and parents of U.S. citizens—are not subject to numerical limits. INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i).

26. Adult sons and daughters of U.S. citizens fall within the family-sponsored preference system and are subject to numerical limitations and per-country caps. Unmarried sons and daughters (21 or older) are in the first family-preference category (F1). Married sons and daughters are in the third family-preference category (F3). INA § 203(a), 8 U.S.C. § 1153(a).

27. Because these categories are numerically limited, visa availability often requires many years of waiting. Congress nonetheless intended that, once a visa number becomes available and the case is documentarily complete, adjudication proceed promptly and within established benchmarks.

28. Congress also recognized the importance of preserving family unity—particularly the relationship between a U.S. citizen parent and child—by authorizing waivers that treat a U.S. citizen or lawful permanent resident parent as a qualifying relative for certain inadmissibility grounds, including INA § 212(a)(9)(B)(i) 2 (unlawful presence) and § 212(i) (misrepresentation). These provisions underscore Congress's protective stance toward U.S. citizen parents sponsoring adult children and confirm the expectation that, when a visa is available, adjudication should be timely.

29. By statute, all immigrant visa applications must be reviewed and adjudicated by a consular officer. INA § 222(b), 8 U.S.C. § 1202(b).

30. By regulation, once a visa application has been properly completed and executed before a consular officer, the officer must either issue the visa or refuse it under a specific statutory ground such as INA §§ 212(a) or 221(g). 22 C.F.R. § 42.81(a); see also 22 C.F.R. § 40.6 (a visa may be refused only on a ground set by law or regulation).

31. The regulations also prescribe interview and execution requirements, see 22 C.F.R. §§ 42.62, 42.67, as well as issuance procedures (sign, seal, and delivery), see 22 C.F.R. § 42.73. If refused, the officer must provide timely written notice of the legal basis and any available relief. 22 C.F.R. § 42.81(b), (e).

32. Department policy in the Foreign Affairs Manual (FAM) confirms there is no authority to hold or suspend a properly filed visa application indefinitely: once executed, a visa must be either issued or refused with notice of the legal basis and any available administrative relief. See 9 FAM 504.9-2; 9 FAM 504.11-2; 9 FAM 504.11-3 (221(g) quasi-refusal).

33. Congress and the Department have set clear timetables for family-based immigrant visas: immediate-relative cases within 30 days and all other family-based immigrant visas within 60 days after receipt of necessary information from the applicant and DHS. See 9 FAM 504.7-2(b); District of Columbia Appropriations Act, 1999, Pub. L. 106-113, § 237.

34. The APA requires agencies to conclude matters within a "reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to compel action unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1).

## JURISDICTIONAL CONSIDERATIONS AND CONSULAR NONREVIEWABILITY

35. While consular decisions on the merits of visa issuance are generally insulated from review, courts have jurisdiction to compel agency action unlawfully withheld or unreasonably delayed. Challenges to inaction are distinct from review of discretionary refusals, and courts have granted relief in cases involving prolonged administrative processing.

36. Where an application has not been finally refused but is held in "administrative processing," the doctrine of consular nonreviewability does not bar judicial review to compel adjudication. This action seeks only to compel a decision consistent with law.

37. This action does not seek review of a removal order or a discretionary visa denial and is therefore not barred by INA § 242, 8 U.S.C. § 1252.

## STANDARD OF REVIEW

38. On a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor. Whether an agency delay is "unreasonable" is a context-specific inquiry governed by the TRAC factors and turns on a fact-intensive record (*Telecommunications Research & Action Center v. FCC* (TRAC), 750 F.2d 70 (D.C. Cir. 1984)).

39. The TRAC framework involves balancing multiple considerations—the agency's rule of reason, statutory timetables, the nature of the interests at stake, competing priorities, prejudice from delay, and the absence or presence of impropriety. These are not purely legal issues suitable for resolution at the pleadings stage without a factual record. Courts have observed that "reasonable time for agency action is typically counted in weeks or months, not years." *In re American Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004).

40. Accordingly, to the extent Defendants move to dismiss on the ground that the delay is reasonable as a matter of law, such a determination is premature under TRAC at the pleadings stage and should be denied or deferred pending a factual record.

## APPLICATION OF THE TRAC FACTORS TO PLAINTIFF'S CASE

41. First – Rule of Reason: Defendants' open-ended administrative processing provides no ascertainable rule of reason. Department policy contemplates adjudication of family-based visas

within 30/60 days of completeness; here, more than eight months have passed post-interview (January 8, 2025) with no action. The Embassy's September 24, 2025 response confirms indefinite administrative processing without a timeline.

42. Second – Congressional Timetable: Congress and the Department have articulated timetables for family-based immigrant visas (30/60-day benchmarks). Defendants' delay far exceeds those benchmarks without any case-specific justification.

43. Third – Human Health and Welfare: Plaintiff is an elderly U.S. citizen who requires regular caregiving and assistance with activities of daily living that his adult son would provide upon admission. Harm to human welfare weighs heavily under TRAC and is far less tolerable than economic delay.

44. Fourth – Effect of Expediting on Competing Priorities: While Defendants may cite competing demands, this factor cannot justify indefinite inaction in the face of statutory timetables and acute family-unity concerns on the part of United States citizens. The requested relief merely compels a decision—issuance or refusal—consistent with law. Further, on information and belief, similarly situated applicants have been processed ahead of Plaintiff's son without a reasoned basis, as reflected in publicly available visa-issuance data.

45. Fifth – Prejudice from Delay: Each additional day of delay compounds irreparable harm, depriving Plaintiff and his son of irreplaceable time together, increasing medical risk, and frustrating the purpose of Congress's family-preference system once a visa number is available.

46. Sixth – Agency Impropriety Not Required: Plaintiff need not show bad faith. Yet the unexplained post-interview delay, despite indications of approval and the absence of any identified ground of ineligibility, underscores the unreasonableness of Defendants' inaction.

## LEGAL DUTIES OF DEFENDANTS

47. Defendants have a mandatory duty to adjudicate Plaintiff's son's visa within a reasonable time. The INA, regulations, and the FAM impose a nondiscretionary, binary obligation: once properly executed, a visa must be either issued or refused on a legally specified ground, with notice. There is no authority to suspend, hold, or indefinitely warehouse a case in § 221(g) status.

48. Defendants have failed to complete their duties within a reasonable time. Statutes and policy set 30/60-day benchmarks, and "reasonable time" for agency action is measured in weeks or months, not years. Plaintiff's case has languished more than eight months post-interview despite completeness and repeated inquiries.

49. Defendants have unlawfully withheld agency action and, in the alternative, have acted arbitrarily and capriciously by maintaining indefinite administrative processing without articulating a statutory ground for refusal or a rule of reason for continued delay.

## CAUSES OF ACTION

50. Count I — APA, 5 U.S.C. § 706(1): Unreasonable Delay. Defendants have unlawfully withheld or unreasonably delayed adjudication of Nur Ullah's immigrant visa application in violation of 5 U.S.C. §§ 555(b), 706(1). Plaintiff has no adequate alternative remedy and is entitled to relief compelling adjudication forthwith.

51. Count II — APA, 5 U.S.C. § 706(2): Arbitrary and Capricious Agency Action. Maintaining indefinite administrative processing without a statutory basis or articulated rule of reason is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; and without observance of procedure required by law.

52. Count III — Mandamus, 28 U.S.C. § 1361: Clear Duty to Act. Defendants owe a clear, nondiscretionary duty to adjudicate the visa; Plaintiff has a clear right to relief and no adequate alternative remedy. The Court should issue a writ compelling adjudication within a short, definite period.

53. Count IV — Declaratory Judgment, 28 U.S.C. § 2201: An actual controversy exists regarding Defendants' obligations and Plaintiff's entitlement to a timely decision. Declaratory relief will resolve uncertainty and prevent further harm.

54. Count V — Fifth Amendment: Defendants' extreme delay in adjudicating a statutorily conferred benefit that directly implicates family integrity deprives Plaintiff of due process of law.

## PRAYER FOR RELIEF

55. Declare that Defendants' delay in adjudicating Nur Ullah's immigrant visa is unreasonable and violates the INA, the APA, and applicable statutes, regulations, and agency guidance, and that Plaintiff is entitled to a prompt adjudication of his son's application pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

56. Declare unlawful any policies, practices, or procedures by Defendants that result in indefinite administrative processing of family-preference immigrant visas once visa numbers are available.

57. Vacate and set aside any "extreme vetting" or other practices used to justify indefinite delay of Plaintiff's son's visa application as arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law in violation of 5 U.S.C. §§ 702–706.

58. Preliminarily and permanently enjoin Defendants, their agents, and all persons acting under them from further unreasonable delay and require adjudication of Nur Ullah's immigrant visa forthwith.

59. Issue a writ of mandamus compelling Defendants to adjudicate Nur Ullah's visa application within 21 days or such time as the Court deems just and proper.

60. Issue an order compelling Defendants to perform their duty to adjudicate the immigrant visa application of Nur Ullah within 21 days of the order, pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1).

61. Award Plaintiff attorney's fees and costs under the Equal Access to Justice Act and other applicable law.

62. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

This day September 28, 2025,

> By and through his Counsel,
>
> SHARIOT ULLAH
>
> /s/Carl Hurvich
>
> Carl Hurvich, Esq. (698179)
> Brooks Law Firm
> 10 High Street, Ste 3
> Medford, MA 02155
> (617) 245-8090
> carl@brooklawfirm.com